IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXIOC

RON GARCIA, et al.,

    Plaintiffs,

vs.                                                          Civ. No. 06-478  RHS/RLP

ALBUQUERQUE PUBLIC SCHOOLS, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS**

**THIS MATTER** comes before the Court on Defendants APS and Linda Sink's Motion to Dismiss State Law Tort Claims ("Motion"), filed July 5, 2006 **[Doc. No. 8]**. Defendants APS and Ms. Sink move the Court "pursuant to Fed. R. Civ. P. Rule 12(b)(6) for an order dismissing Plaintiffs' state law tort claims against them." (Motion at 1.) The Court, having reviewed the parties' submissions, relevant authorities, and being otherwise advised in the premises, finds that the Motion is well-taken and will be granted.

*Background*[1]

Plaintiffs "are employees of Defendant APS and have been employed as basketball coaches." (Plaintiffs' Response to Defendants' Motion ("Response") **[Doc. No. 14]** at 1.) "At the end of the 2005-2006 school year, Plaintiffs were informed by the Defendant Linda Sink that their coaching contracts for the forthcoming year would not be renewed as a result of the allegations made against the Plaintiffs" related to an investigation by Defendant New Mexico Activities Association into allegedly improper recruiting practices. (Plaintiffs' Complaint for Damages and Declaratory Relief, for Violation of Civil Rights and State Torts at 4-5 ¶¶ 18, 20 ("Complaint"), filed June 8, 2006

---

[1]The factual background is taken from Plaintiffs' allegations in their Complaint and Response.

**[Doc. No. 1]**.)  Plaintiffs contend "that the [Defendants'] failure to renew their coaching contracts constitute[s] [*inter alia*] . . . various torts under state law and common law theories."  (Response at 2.)

*Standard of Review*

A complaint may be dismissed pursuant to FED. R. CIV. P. (12)(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Sutton v. Utah Sch. for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).  In deciding a motion to dismiss for failure to state a claim, the Court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the nonmoving party.  Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).

*Discussion*

In their Motion, Defendants assert that Plaintiffs' state law tort claims[2] must be dismissed on the basis of immunity under the New Mexico Tort Claims Act ("TCA").  See N.M.S.A. §§ 41-4-1, et seq.  Under the TCA, governmental entities and public employees while acting within the scope of their duties are granted immunity from liability for any tort except as waived by the TCA.[3]  See id. § 41-4-4(A); Garcia-Montoya v. State of New Mexico, 16 P.3d 1084, 1102 (N.M. 2001).

---

[2]Defendants move to dismiss Plaintiffs' state tort claims of negligence, intentional infliction of emotional distress, outrage, intentional interference with contractual relations and prima facie tort.  (Motion at 1-2 ¶ 3.)  Although Plaintiffs also include a claim of "intentional violation of the covenant of good faith and fair dealing" under the heading "State Torts" (Complaint at 7 ¶ 31c), Defendants indicate that their Motion does not address that claim, because such a claim sounds in contract rather than tort (Defendants' Memorandum in Support of Motion ("Memo") **[Doc. No. 9]** at 2 n.1).

[3]Plaintiffs allege that Defendant APS "is a political subdivision of the State of New Mexico" and that Defendant Linda Sink, "at all times material hereto, acted within the scope of her duties as Principal of Albuquerque High School."  (Complaint at 1 ¶¶ 2,3.)

Plaintiffs contend that Defendants' immunity to tort is waived pursuant to Section 41-4-6 of the TCA. (See Complaint at 7 ¶ 31.) Section 41-4-6 provides:

> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings.

Defendants argue that Plaintiffs' state tort claims should be dismissed for the following reasons: (1) Plaintiffs' state tort claims do not allege damages "resulting from bodily injury, wrongful death or property damage," (2) Section 41-4-6 does not waive immunity for intentional torts or prima facie tort, and (3) Plaintiffs' state tort claims do not arise out of "the operation or maintenance of any building . . . .[,]" but rather, are based on administrative functions. (See Memo at 3-5.) The Court finds that the latter two reasons justify the dismissal of Plaintiffs' state tort claims against Defendants APS and Linda Sink, and does not address Defendants' first reason.

*Whether immunity is waived for claims of intentional tort / prima facie tort*

With the adoption of the TCA, the State of New Mexico consented to suits against its entities and employees acting within the scope of their duties, but only for specific, enumerated torts. Section 41-4-6 waives immunity only for torts based on "the *negligence* of public employees . . . ." N.M.S.A. § 41-4-6 (emphasis added). Plaintiffs' claims of intentional infliction of emotional distress, outrage and intentional interference with contractual relations are simply not torts for which the State has waived its immunity, because they are claims of intentional tort, not negligence. Similarly, because Section 41-4-6 does not waive immunity for claims of prima facie tort, such a claim meets the same fate as Plaintiffs' claims of intentional tort. See, e.g. Derringer v. State, 133 N.M. 721, 725, 68 P.3d 961, 965 (Ct.App.), cert. denied, 133 N.M. 727 (2003) (finding defendants

immune from plaintiff's claim of prima facie tort because it "is not included in specific provisions of the Tort Claims Act"). Consequently, Plaintiffs' claims of intentional tort and prima facie tort against Defendants APS and Linda Sink will be dismissed.

*Whether Plaintiffs' tort claims arise out of the operation or maintenance of any building*

Defendants contend that Plaintiffs' remaining claim of negligence[4] "does not arise out of the maintenance or operation of any public building." (Memo at 5.) Defendants rely on Archibeque v. Moya, 116 N.M. 616, 866 P.2d 344 (1993) in support of their argument that the decision not to renew Plaintiffs' coaching contracts constitutes an administrative function, and that immunity is not waived for Defendants' alleged negligence associated with such conduct. In Archibeque, the New Mexico Supreme Court found that an intake officer "was not operating and maintaining the prison's physical premises when she negligently classified [a prisoner and] . . . released [him] into the general prison population. Rather, she was performing an administrative function associated with the operation of the corrections system." Id. 116 N.M. at 620, 866 P.2d at 348. Based on the factual allegations set forth by Plaintiffs, this Court similarly finds that Defendants' decision not to renew Plaintiffs' contracts can only be described as an administrative function associated with the operation of the school system, rather than the operation or maintenance of the school's physical premises. See Upton v. Clovis Municipal School District, 2005-NMCA-085, 137 N.M. 779, 782, 115 P.3d 795, 798, cert. granted, 2005 -NMCERT- 7, 138 N.M. 146, 117 P.3d 952 (No. 29,226) (Jul. 1, 2005) ("If any decision by school personnel constituted the 'operation or maintenance of any building' under Section 41-4-6, immunity would be waived in virtually any situation.").

---

[4] Plaintiffs allege that "Defendants have acted negligently in failing to protect Plaintiffs from foreseeable risks of harm. Defendants breached this duty and this breach proximately caused harm to Plaintiffs." (Complaint at 7 ¶ 31a.)

4

Plaintiffs point to Callaway v. New Mexico Department of Corrections, 117 N.M. 637, 875 P.2d 393 (Ct.App. 1994) in support of their argument that Defendants' conduct "created a general condition of unreasonable risk to the Plaintiffs" and that administrative operations posing an unreasonable risk may be subject to liability under the TCA. (Response at 6.) However, Plaintiffs' reliance on Callaway is misplaced. In Callaway, the New Mexico Court of Appeals found that the plaintiff "stated a claim sufficient to waive immunity under Section 41-4-6 because Defendants knew or should have known that roaming gang members . . . created a dangerous condition on the premises of the penitentiary, and that the danger to other inmates was foreseeable." Id. 117 N.M. at 643, 875 P.2d at 399. Here, Plaintiffs neither allege, nor is it apparent to the Court, that Defendants' negligence created similarly dangerous or unsafe conditions on or around school premises.

Moreover, Plaintiffs do not allege that Defendants' negligence created a risk for anyone but themselves.[5] Indeed, Plaintiffs allege that Defendant APS "arbitrarily enforce[d] the rule[s]" against Plaintiffs and that "no other high school basketball coaches have been terminated from employment that have been placed under investigation." (Complaint at 5 ¶¶ 21, 23.) The New Mexico Supreme Court cautioned that "[r]eading [§] 41-4-6 to waive immunity every time a public employee's negligence creates a risk of harm for a single individual would subvert the purpose of the [TCA], which recognizes that government, acting for the public good, should not have the duty to do everything that might be done, and limits government liability accordingly." Archibeque, 116 N.M. at 620, 866 P.2d at 348 (citations and internal quotation marks omitted); see, e.g., Callaway, 117

---

[5](See Complaint at 7 ¶ 31a (alleging Defendants "acted negligently in failing to protect *Plaintiffs*" (emphasis added); Response at 6 (arguing that Defendants' "actions created a general condition of unreasonable risk to the *Plaintiffs*"(emphasis added)).)

5

N.M. at 643, 875 P.2d at 399 (noting that "[w]hile a segment of the population at risk might justify waiver of immunity under Section 41-4-6, a situation in which a single inmate is put at risk is not comparable" (citation omitted)).   For all of the reasons set forth above, the Court finds that Defendants' Motion will be granted and Plaintiffs' state law tort claims against Defendants APS and Linda Sink will be dismissed.

    **WHEREFORE**,

    **IT IS HEREBY ORDERED** that Defendants APS and Linda Sink's Motion to Dismiss State Law Tort Claims  **[Doc. No. 8]** is **granted** and Plaintiffs' state law tort claims against Defendants Albuquerque Public Schools and Linda Sink are dismissed with prejudice.

    _____
    ROBERT HAYES SCOTT
    UNITED STATES MAGISTRATE JUDGE